IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                              )
                                    )
LACI LEIGH OWENS                    )      Case No. 21−30566−KRH
                                    )      Chapter 13
        Debtor                      )

## NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING

The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON March 24, 2021 at 12:00 p.m. in Honorable Judge Kevin R. Huennekens' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5000, Richmond, VA 23219.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Room 4000
> Richmond, VA 23219-3515

2. You must also mail a copy to:

> James E. Kane, Esquire
> Kane & Papa, PC
> P.O. Box 508
> Richmond, VA  23218

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

        Respectfully submitted,

        LACI LEIGH OWENS
        By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

      I certify that on March 10, 2021, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

        /s/ James E. Kane
        Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LACI LEIGH OWENS | ) | Case No. 21−30566−KRH |
| | ) | Chapter 13 |
| Debtor | ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT**

COMES NOW, LACI LEIGH OWENS (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On March 24, 2021 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on November 30, 2018 and dismissed on or about December 9, 2020 (Case No. 18-36018) (the "previous case").

6. The previous case was dismissed by the Court because the Debtor was delinquent in payments to the Chapter 13 Trustee. The Debtor lost her job in February 2020 and was unable

to make the plan payments. The Debtor started a new job in February 2021 and is now able to afford a plan payment.

## Facts of the Instant Case

7. In the instant case, the Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month, and then $336.00 per month for a period of fifty-nine (59) months.

8. Among other provisions, the Plan proposes the following: Payment through the Trustee to the IRS, Virginia Dept. of Taxation and Spotsylvania County for taxes, American Credit Acceptance for a vehicle loan, and to unsecured creditors a dividend of approximately one percent (1%).

## Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

**Argument**

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and his property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

   a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 1% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

   b. *Debtor's financial situation* – Debtor has income from employment with 7-11. Application of this factor favors a finding of good faith.

   c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

   d. *Debtor's employment history and prospects* – Debtor has income from employment with 7-11. Application of this factor favors a finding of good faith.

   e. *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $34,119.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts

or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

  f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

  g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

  h. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

  18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* <u>Chaney</u> at 694. In support hereof, the Debtor asserts the following additional arguments:

  a. *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this

Case 21-30566-KRH    Doc 10    Filed 03/10/21    Entered 03/10/21 11:34:40    Desc Main
Document    Page 8 of 15

regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b.    *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

    c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

    WHEREFORE, for the foregoing reasons, LACI LEIGH OWENS respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

                                    Respectfully submitted,

                                    LACI LEIGH OWENS
                                  By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

  I certify that on March 10, 2021, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LACI LEIGH OWENS | ) | Case No. 21−30566−KRH |
| | ) | Chapter 13 |
| Debtor | ) | |

### AFFIDAVIT OF LACI LEIGH OWENS

BEFORE ME, the undersigned authority, personally appeared LACI LEIGH OWENS, known to me, and upon his oath, stated as follows:

1. My name is LACI LEIGH OWENS. I am above the age of 18 years, and competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I reside at 7124 Salem Fields Blvd., Fredericksburg, VA 22407.

4. I have income from Debtor has income from employment with 7-11.  I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I was a debtor in one (1) pending bankruptcy case that was dismissed.

6. Within the year prior to filing the instant case, I was a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on filed on November 30, 2018 and dismissed on or about December 9, 2020 (Case No. 18-36018) (the "previous case").

7. The previous case was dismissed by the Court because I was delinquent in payments to the Chapter 13 Trustee.  I lost my job in February 2020 and was unable to make the plan payments.  I started a new job in February 2021 and am now able to afford a plan payment.

10

8. In the instant case, I will proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month, and then $336.00 per month for a period of fifty-nine (59) months.

9. Among other provisions, the Plan will propose the following: Payment through the Trustee to the IRS, Virginia Dept. of Taxation and Spotsylvania County for taxes, American Credit Acceptance for a vehicle loan, and to unsecured creditors a dividend of approximately one percent (1%).

10. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

11. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

12. My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

13. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

14. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

15. My income is consistent and likely to remain so during this case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on February 25, 2021.

        /s/ LACI LEIGH OWENS (seal)
        LACI LEIGH OWENS

### CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
At Large; to wit:

The foregoing instrument was acknowledged on February 25, 2021, by LACI LEIGH OWENS.

        /s/ Cristina Marie Diez
        Notary Public

My Commission Expires:   August 31, 2024
Notary Registration Number:   7691239

```
American Credit Acceptance
961 E Main St
Spartanburg, SC 29302


Baxter Ecu/BCU
Attn: Bankruptcy
Po Box 8133
Vernon Hills, IL 60061


Commonwealth of Virginia
Virginia Employment Commission
PO Box 26441
Richmond, VA 23261


County of Spotsylvania
Attn: Personal Property Div
PO Box 100
Spotsylvania, VA 22553


Department of Education/582/Nelnet
Attn: Bankrupcy
Po Box 82561
Lincoln, NE 68501


Focused Recovery Solutions
9701-Metropolitan Ct
Ste B
North Chesterfield, VA 23236


Geico Federal Credit Union
1 Geico Blvd
Fredericksburg, VA 22406


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101


Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108


Navy FCU
Attn: Bankruptcy
Po Box 3000
Merrifield, VA 22119
```

```
Patient First
P.O. Box 758941
Baltimore, MD 21275


Patient First
Receivables Management Systems
PO Box 73810
Richmond, VA 23235


Patrick J. Hosty
11007 Copeland Ct.
Fredericksburg, VA 22407


Peritus Portfolio
PO BOX 141419
Irving, TX 75014


Phoenix Financial Services. Llc
Po Box 361450
Indianapolis, IN 46236


PNC Bank
PO Box 3180
Pittsburgh, PA 15230


PRA Receivables
PO Box 12914
Norfolk, VA 23541


Receivables Managemnt Partners
Attn: Bankruptcy
Po Box 630844
Cincinnati, OH 45263


SNAP Finance
PO Box 26561
Salt Lake City, UT 84126


Sprint Bankruptcy
PO Box 7949
Overland Park, KS 66207
```

```
Synchrony Bank/Care Credit
Attn:  Bankruptcy Dept
Po Box 965061
Orlando, FL 32896


TACS
P O Box 31800
Henrico, VA 23294


Transworld Systems, Inc.
Attn: Bankruptcy
Po Box 15630
Wilmington, DE 19850


Union Bank & Trust
PO Box 940
Ruther Glen, VA 22546


Union Bank & Trust
PO Box 446
Bowling Green, VA 22427


Virginia Dept. of Taxation
P O Box 2156
Richmond, VA 23218
```